Case: 4:15-cv-00010-DMB-JMV Doc #: 1-1 Filed: 01/26/15 1 of 1 PageID #: 20

## CIVIL COVER SHEET

MSND  #4:15cv010-DMB-JMV

**PLAINTIFFS**
Nancy Wallace Bell, Individually and on Behalf of All Wrongful Death
Beneficiaries of Charles Randolph Bell, Deceased

(b) County of Residence of First Listed Plaintiff   Washington

(c) Attorneys (Firm Name, Address, and Telephone Number)
Dion J. Shanley, Purdie & Metz, PLLC, Post Office Box 2659, Ridgeland,
Mississippi 39158, (601) 957-1596

**DEFENDANTS**
City of Leland, Mississippi, Billy Barber, in his Official Capacity as
Chief of Police of the City of Leland, and in his individual

County of Residence of First Listed Defendant   Washington

Attorneys (If Known)

## II. BASIS OF JURISDICTION

## III. CITIZENSHIP OF PRINCIPAL PARTIES

## IV. NATURE OF SUIT

## V. ORIGIN

## VI. CAUSE OF ACTION
28 U.S.C. § 1983
Violation of constitutional rights, privileges and immunities

## VII. REQUESTED IN COMPLAINT
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

SIGNATURE OF ATTORNEY OF RECORD
s\Dion Shanley

1185886       $400       Brown    Virden



Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 1 of 19 PageID #: 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NANCY WALKER BELL, INDIVIDUALLY AND ON
BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES
OF CHARLES RANDOLPH BELL, DECEASED,

**PLAINTIFFS**

**VERSUS**

CAUSE NO. 4:15cv010-DMB-JMV

CITY OF LELAND, MISSISSIPPI;
BILLY BARBER, IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE OF
THE CITY OF LELAND, AND IN HIS
INDIVIDUAL CAPACITY, OFFICER
CHRISTOPHER OVERTON IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES; OFFICER
QUINTUS JOHNSON, IN HIS OFFICIAL
AND INDIVIDUAL CAPACITIES
AND DOE DEFENDANTS 1-5

**DEFENDANTS**

## COMPLAINT

*JURY TRIAL REQUESTED*

COME NOW Nancy Walker Bell, Individually, and on Behalf of All Wrongful Death

Beneficiaries of Charles Randolph Bell, Deceased, Plaintiffs in the above-styled and

numbered cause, by and through their attorneys of record, and file this their Complaint

against the City of Leland, Mississippi; Billy Barber, in His Official Capacity as Chief of

Police of the City of Leland, and in His Individual Capacity, Officer Christopher Overton in

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 2 of 19 PageID #: 2

His Official and Individual Capacities and Doe Defendants 1-5, and in support thereof would respectfully show unto the Court the following facts, to-wit:

**PARTIES**

1.      Plaintiff Nancy Walker Bell is an adult, resident citizen of Washington County, Mississippi residing at 468 Racquet Club Road, Leland, Mississippi. Mrs. Bell is the natural mother of Decedent, Charles Bell, and has petitioned the Chancery Court of Washington County, Mississippi to be appointed Administratrix for the Decedent's Estate, in the estate proceeding now pending in that court under Cause Number 20150039.

2.      The Defendant, City of Leland, Mississippi (hereinafter "City"), is a political subdivision of the State of Mississippi and may be served with the process of this Court by service upon Kenny Thomas at 206 North Broad Street, Leland, Mississippi, in his capacity as the duly qualified and acting Mayor of the City of Leland, Mississippi.

3.      Billy Barber, in His Official Capacity as Chief of Police of the City of Leland (hereinafter "Barber") is an adult, resident citizen of Washington County, Mississippi, and may be served with the process of this Court at the Leland Police Department at 320 N Broad St, Leland, MS 38756.

4.      Billy Barber, in His Individual Capacity, is an adult, resident citizen of Washington County, Mississippi, and may be served with the process of this Court at 320 N Broad Street, Leland, Mississippi, 38756.

5.      Officer Christopher Overton in His Official Capacity, is an adult, resident citizen of Washington County, Mississippi, and may be served with the process of this Court at the Leland Police Department at 320 N Broad St, Leland, Mississippi, 38756.

2

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 3 of 19 PageID #: 3

6.    Christopher Overton in His Individual Capacity, is an adult, resident citizen of Washington County, Mississippi, and may be served with the process of this Court at 720 5th Street, Leland, Mississippi 38756.

7.    Officer Quintus Johnson, in His Official Capacity, is an adult, resident citizen of Washington County, Mississippi, and may be served with the process of this Court at the Leland Police Department at 320 N Broad Street, Leland, Mississippi, 38756.

8.    Quintus Johnson, in His Individual Capacity, is an adult, resident citizen of Washington County, Mississippi, and may be served with the process of this Court at 942 Cannon St. Leland, Mississippi, 38756.

9.    Doe Defendants one (1) through five (5) are parties known, but as yet, unidentified, who are, or may be, legally responsible for the wrongful death of Plaintiff's decedent, but whose identity can only be ascertained through the use of discovery and are joined in this action as fictitious parties pursuant to Fed. R. Civ. P. 9(h).

### JURISDICTION

10.    This Court has jurisdiction of this action pursuant to the terms and provisions of 28 *U.S.C.* §§ 1331 and 1343(a)(3) and (4) in that this action arises under the Constitution of the United States and is brought to remedy the deprivation of federally guaranteed civil rights of the Plaintiffs. This Court has jurisdiction pursuant to the terms and provision of 28 *U.S.C.*, § 1367 to adjudicate the state law claims in this action.

11.    This Court has *in personam* jurisdiction of the Defendants in that each of them is a resident of the State of Mississippi, and the Northern District this Court, and may be served with the process of this Court therein.

3

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 4 of 19 PageID #: 4

## VENUE

12.     The venue of this action is proper in the Northern District of Mississippi pursuant to the provisions of 28 U.S.C., § 1391(b)(1)(2) and (3) in that each of the Defendants reside and may be found within this division of the Northern District of Mississippi; and, the actions giving rise to the Plaintiff's causes of action occurred within the said Northern District of Mississippi.

13.     All administrative prerequisites mandated by the Mississippi Tort Claims Act [MTCA] have been satisfied as to the torts alleged herein that require exhaustion. Plaintiff's 42 U.S.C. §1983 *et seq.* claims are not subject to the exhaustion procedures of Mississippi law.

## BASIS OF ACTION

14     This action is based on claims for (a) deprivation by the Defendants of the Plaintiff's decedent's rights to due process and equal protection of the laws as secured by the Fourteenth Amendment to the United States Constitution and (b) state law claims against the individual officers in their official and individual capacities.

## UNDERLYING FACTS

15     At all times relevant hereto, the City of Leland, pursuant to state law, operated a police department and jail, headed by an official appointed by the City of Leland. Defendant, City of Leland, is the employer and governing body of the City of Leland and its employees including Chief Barber.

16.     At all times relevant hereto, Barber was the duly appointed, qualified and acting Chief of Police of the City of Leland, Mississippi and, as such, was the final

4

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 5 of 19 PageID #: 5

authority and chief policy maker of the City with regard to the operation of the City of Leland Police Department and, upon information and belief, the detention facility and its operating policies and procedures. In his official capacity, Barber was and is responsible for the training, supervising, disciplining, and dismissing of individual police officers, including the named and Doe Defendants charged in this action.

17. At all times pertinent hereto, Officer Christopher Overton was a law enforcement officer for the City of Leland Police Department, acting under the direction and control of the City of Leland, Mississippi and City of Leland Police Department and at all times acted pursuant to the official policy, custom and/or practice of the City of Leland Police Department.

18. At all times pertinent hereto, Officer Quintus Johnson was a law enforcement officer for the City of Leland Police Department, acting under the direction and control of the City of Leland, Mississippi and City of Leland Police Department and at all times acted pursuant to the official policy, custom and/or practice of the City of Leland Police Department.

19. At all times relevant, the City of Leland and its Police Department have maintained a policy to violate the rights of pretrial detainees by failing to ensure their safety and well-being, facilitated and maintained through the failure of the City, its Police Department and detention facility, to maintain systems and protocols sufficient to identify the serious medical and mental health needs of pretrial detainees and to safeguard pretrial detainees from serious bodily injury or death. The policies and customs challenged in this suit are of longstanding duration, and continue to the

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 6 of 19 PageID #: 6

present, and have allowed, caused and permitted Officers Overton, Johnson and the Does sued herein to violate Plaintiff's Decedent's rights.

20.    On or about October 22, 2013, Charles Randolph Bell, then aged 49 and a resident citizen of Leland, Mississippi was interrogated, detained and arrested by City of Leland Police Officer Christopher Overton at Mr. Bell's residence at 468 Racquet Club Road, Leland. On that date, Plaintiff's Decedent was falsely arrested at his home for an alleged misdemeanor offense not committed in the presence of Officer Overton, who possessed neither a warrant nor probable cause to believe that Charles Bell had committed the crime of which he was then and there wrongfully detained, charged and falsely arrested. No exigent circumstances existed that would warrant the entry of Officer Overton onto the property of Mr. Bell, nor did Officer Overton have permission or effective consent to enter the property.

21.    Plaintiff's Decedent was thereafter immediately transported from his home to the City of Leland Police Department by Officer Overton, further interrogated by police personnel and administered a Breathalyzer test, without access to, or the benefit of, legal counsel. Because Charles Bell was not validly under arrest when his breath was tested, Mississippi's implied consent law is inapplicable and his detention, interrogation and subsequent imprisonment was without lawful authority or just cause.

22.    After the conclusion of his interrogation, at approximately 4:00 p.m. on October 22, 2013, Charles Bell was processed into the City of Leland Jail where it was noted that he was currently taking Prozac, an anti-depressant. On or about the time Plaintiff's Decedent was being booked into the detention facility, his father, Marion

6

Randolph Bell, contacted the City of Leland Police Department and informed the dispatcher that his son was suicidal, had threatened to commit suicide that day and needed to be closely monitored. That information was immediately passed along to other law enforcement personnel, including Officer Quintus Johnson, as well as the arresting officer, Christopher Overton. Upon information and belief, Officer Overton responded to the dispatcher's concerns with the comment, "this man had been drinking since this morning" and ignored the information communicated by the dispatcher.

23. Sometime thereafter, Officer Overton was advised by another inmate or visitor that Plaintiff's Decedent had also told her that he [Bell] was going to kill himself. Officer Overton ignored this warning as well, upon information and belief. Subsequently, at or around 9:30 p.m., Charles Bell was found hanging by a bed sheet from the door of his cell and was pronounced dead at 9:38 p.m. on October 22, 2013. As a result of the acts and/omissions of the City of Leland, its Police Department and jail personnel, Plaintiff's Decedent was deprived of his life and liberty without due process of law. At all relevant times, all named Defendants acted under color of state law.

### FEDERAL CAUSES OF ACTION

### COUNT I: 42 U.S.C. § 1983 Causes of Action

24. Plaintiff adopts and realleges the allegations contained and set forth in paragraphs one (1) through twenty-three (23) hereinabove the same as if fully copied herein.

7

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 8 of 19 PageID #: 8

25.     By seizing and falsely arresting Plaintiff's Decedent at his home for an
alleged misdemeanor offense not committed in the presence of the arresting officer,
Officer Overton and Doe Defendants violated the Constitutional rights of Plaintiff's
Decedent, including, but not limited to, (a) depriving Mr. Bell of his Constitutional right to
be free from unlawful search and seizure under the Fourth Amendment to the
Constitution; and (b) depriving Plaintiff's Decedent of his Constitutional right under the
Fourteenth Amendment not to be seized, arrested and detained without a warrant for
his arrest or probable cause to believe that Charles Bell had committed the crime for
which he was detained, charged and arrested on October 22, 2013.

26.     Through their direct actions and decisions as the final and official
policymakers for the Police Department, Defendants City of Leland, Barber and Doe
Defendants acting in their official policymaking authority and under color of law, created
and maintained an official policy, practice, and/or custom of failing to adequately train,
monitor, and supervise law enforcement employees of the City of Leland Police
Department regarding their duty to investigate and verify that the person alleged to
have committed a misdemeanor violation had in fact committed the crime for which he
is seized, arrested and confined without the issuance of a warrant for his arrest.

27.     By failing to implement constitutionally adequate mental health
screening of pretrial detainees for suicidal tendencies upon notice of the detainee's
medical prescription for the treatment of a major depressive disorder, Defendants City
of Leland, Barber and Doe Defendants, acting in their official policymaking authority
and under color of law, created and maintained an official policy, practice, and/or

8

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 9 of 19 PageID #: 9

custom of deliberate indifference to the rights of pre-trial detainees, actionable under the Fourteenth Amendment to the United States Constitution.

28.    By failing to train jail personnel to screen pre-trial detainees for suicidal tendencies, Defendant Barber, acting in his official policymaking authority and under color of law, created and maintained an official policy, practice, and/or custom of deliberate indifference to the rights of pre-trial detainees actionable under the Fourteenth Amendment to the United States Constitution. Upon information and belief, the need for training was obvious based on the nature of the risk under these circumstances and the potential for harm occasioned by the policymaker's failure to train and supervise jail personnel in established protocols and procedures necessary for the prevention of suicide.

29.    By failing to implement constitutionally adequate policies and procedures for the prompt and expeditious administration of medication for pretrial detainees suffering from major depressive disorders, Defendants City of Leland, Barber and Doe Defendants, acting in their official policymaking authority and under color of law, created and maintained an official policy, practice, and/or custom and usage of deliberate indifference to the conditions of confinement of pre-trial detainees actionable under the Eighth Amendment to the United States Constitution.

30.    By failing to place Plaintiff's Decedent on suicide watch or to notify facility staff that Mr. Bell was a suicide risk upon notice by his father that his son was suicidal and had threatened to commit suicide immediately prior to his arrest, Officers Christopher Overton, Quintus Johnson and Doe Defendants acted with

9

deliberate indifference to the risk that Mr. Bell would commit suicide on October 22, 2013.

31.     By acting with deliberate indifference to the known medical and mental health needs of Plaintiff's Decedent, Officers Christopher Overton, Quintus Johnson and Doe Defendants violated Mr. Bell's rights to procedural and substantive due process of law as secured by the Fourteenth Amendment to the United States Constitution.

32.     By treating the Plaintiff's Decedent differently than others similarly situated in a manner that was arbitrary, irrational, and/or motivated by illegitimate ill-will, Chief Barber and/or Officer Overton and/or Officer Quintus Johnson and/or Doe Defendants violated the rights of Plaintiff's Decedent to Equal Protection under the law as secured by the Fourteenth Amendment to the United States Constitution.

33.     That the aforesaid acts and omissions of said Defendants directly resulted in false arrest, imprisonment and death of Plaintiff's Decedent and was the moving force behind the constitutional violations stated herein.

34.     That on and before October 22, 2013, it was clearly established that jail officials and law enforcement personnel charged with the care and protection of pre-trial detainees must adequately protect pre-trial detainees from their known suicidal impulses and that such officials violate a pre-trial detainee's Constitutional rights if they have actual knowledge of a substantial risk of suicide and respond with deliberate indifference.

35.     That on and before October 22, 2013, it was clearly established that

10

failing to implement constitutionally adequate mental health screening protocols for pretrial detainees violate a pre-trial detainee's Constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution.

36.     That on and before October 22, 2013, it was clearly established that the treatment of citizens differently than others similarly situated in a manner that was arbitrary, irrational, and/or motivated by illegitimate ill-will and/or class-based animus was in violation of a pre-trial detainee's rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

37.     That on and before October 22, 2013, it was clearly established that the seizure, arrest and imprisonment of Plaintiff's Decedent for an alleged misdemeanor offense not committed in the presence of the arresting officer and without probable cause violated Plaintiff's Decedent's rights under the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

38.     That on and before October 22, 2013, it was clearly established that deliberate indifference to the known medical and mental health needs of a pretrial detainee by law enforcement and jail administrators with actual knowledge of the detainee's suicidal impulses violated the detainee's rights to procedural and substantive due process of law as secured by the Fourteenth Amendment to the United States Constitution.

11

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 12 of 19 PageID #: 12

## COUNT II: Equitable Declaratory
## Relief Pursuant to 28 U.S.C. § 2201

39.     Plaintiff adopts and re-alleges the allegations contained and set forth in paragraphs one (1) through thirty-seven (38) hereinabove the same as if fully copied herein.

40.     An actual and immediate controversy exists between Plaintiff and Defendants. Plaintiff contends that the past and current challenged policies and practices of the City of Leland Police Department are deliberately indifferent to the physical and mental health of pretrial detainees, in contravention to the nationally recognized minimum standards for custodial care of pretrial detainees and violate the constitutional rights of pretrial detainees. Upon information and belief, Defendants deny this contention.

41.     Plaintiff as a resident citizen of Leland, Mississippi, and subject to the laws of said municipality, is entitled to a declaration of rights with respect to this controversy. Without such a declaration, pretrial detainees incarcerated in the City of Leland, Mississippi, will remain uncertain of their rights to medical and mental health screening upon intake and Defendants will remain uncertain of their responsibilities under the law.

## STATE CAUSES OF ACTION

### COUNT III: False Arrest

42.     Plaintiff adopts and re-alleges the allegations contained and set forth

12

in paragraphs one (1) through forty-one (41) hereinabove the same as if fully copied herein.

43.    Plaintiff's Decedent was arrested on October 22, 2013, for an alleged misdemeanor offense not committed in the presence of the arresting officer(s). Upon information and belief, the arresting officer(s) had no warrant for his arrest or probable cause to believe that Charles Bell had committed the crime of which he was detained, charged and arrested on that date.

44.    Plaintiff's Decedent's arrest was false and in contravention of Mr. Bell's rights cognizable under Mississippi common and statutory law and Article 23 of the Mississippi Constitution of 1890.

45.    As a direct and proximate result of the false arrest of Plaintiff's Decedent, Plaintiff sustained damages as more fully set forth in Plaintiff's Prayer for Relief.

### COUNT IV: False Imprisonment

46.    Plaintiff adopts and re-alleges the allegations contained and set forth in paragraphs one (1) through forty-five (45) hereinabove the same as if fully copied herein.

47.    Plaintiff's Decedent was falsely imprisoned in the City of Leland jail on October 22, 2013, incident to his unlawful arrest.

48.    Plaintiff's Decedent's detention was false and in contravention of Plaintiff's Decedent's rights cognizable under Mississippi common and statutory law and Article 23 of the Mississippi Constitution of 1890.

13

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 14 of 19 PageID #: 14

49.     As a direct and proximate result of his false and unlawful imprisonment,

Charles Bell suffered embarrassment and humiliation for which recovery is sought. As a

direct and proximate result of his false and unlawful imprisonment, Plaintiff's

Decedent's was deprived of his life and liberty on October 22, 2013 for which the

Plaintiff sustained damages as more fully set forth in Plaintiff's Prayer for Relief.

### COUNT V: Negligence/Gross Negligence

50.     Plaintiff adopts and re-alleges the allegations contained and set forth in

paragraphs one (1) through forty-nine (49) hereinabove the same as if fully copied

herein.

51.     Plaintiff's Decedent's death while in the custody and control of

Defendants were the result of the following acts and or omissions:

(a)     the negligent and/or gross negligent and/or deliberately indifferent failure to train and supervise City of Leland law enforcement personnel in the care and safety of pretrial detainees;

(b)     the negligent and/or gross negligent and/or deliberately indifferent failure to adequately staff custodial facilities under the direction and control of the City of Leland's and/or the City of Leland Police Department's final policymakers;

(c)     the negligent and/or gross negligent and/or deliberately indifferent policy, custom or usage of the City of Leland and/or its law enforcement personnel in safeguarding the physical and mental health of pretrial detainees;

(d)     the negligent and/or gross negligent and/or deliberately indifferent failure to train and supervise City of Leland law enforcement personnel in the care and safety of pretrial detainees;

(e)     the negligent and/or gross negligent and/or deliberately indifferent failure to adequately staff custodial facilities under the direction and

14

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 15 of 19 PageID #: 15

control of the City of Leland's and/or the City of Leland Police Department's final policymakers;

(f)     the negligent and/or gross negligent and/or deliberately indifferent policy, custom or usage of the City of Leland and/or its law enforcement personnel in safeguarding the physical and mental health of pretrial detainees;

(g)     the negligent and/or gross negligent and/or deliberately indifferent policy or custom or usage of the City of Leland to permit the unconstitutional care of pretrial detainees; and.

(h)     the negligent and/or gross negligent and/or deliberately indifferent hiring and/or retention policies and/or practices of the City of Leland and/or the City of Leland Police Department.

52.     The afore-stated acts and/or omissions of Defendants were in contravention of Mr. Bell's rights cognizable under Mississippi common and statutory law and the Mississippi Constitution of 1890.

53      The afore-stated acts and/or omissions of Defendants were the sole or contributing proximate cause of Plaintiff's Decedent's death while in the custody and control of Defendants for which Plaintiff sustained damages as more fully set forth in Plaintiff's Prayer for Relief.

### COUNT VI: Deliberate Indifference

54      Plaintiff adopt and re-allege the allegations contained and set forth in paragraphs one (1) through fifty-three (53) hereinabove the same as if fully copied herein.

55.     The afore-stated acts and/or omissions of Defendants were wanton and/or grossly negligent and/or deliberately indifferent to the conditions of Plaintiff's Decedent's confinement and serious medical needs amounting to cruel and unusual

15

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 16 of 19 PageID #: 16

punishment in violation of the common and statutory law of Mississippi and the
Mississippi Constitution of 1890.

56.    The afore-stated acts and/or omissions of Defendants were the sole
or contributing proximate cause of Plaintiff's Decedent's death while in the custody and
control of Defendants for which Plaintiff sustained damages as more fully set forth in
Plaintiff's Prayer for Relief.

### COUNT VII: Due Process of Law

57.    Plaintiff adopts and re-alleges the allegations contained and set forth in
paragraphs one (1) through fifty-six (56) hereinabove the same as if fully copied herein.

58.    As a result of the acts and/omissions of the City of Leland, its Police
Department and jail personnel, Mr. Bell was deprived of his life and liberty without due
process of law on October 22, 2013.

59.    The afore-stated acts and/or omissions of Defendants were also
arbitrary and/or malicious and/or in violation of state law and contravened Plaintiff's
Decedent's rights to procedural and substantive due process of law as secured by
Article III, Sections 14 and 24 to the Mississippi Constitution of 1890.

### COUNT VIII: Equal Protection of Law

60.    Plaintiff adopts and re-alleges the allegations contained and set forth in
paragraphs one (1) through fifty-nine (59) hereinabove the same as if fully copied
herein.

61.    The afore-stated acts and/or omissions of Defendants were arbitrary

16

and/or malicious and/or motivated by unconstitutional animus in violation of Plaintiff's Decedent's rights to equal protection under the law as secured by Article III, Sections 14 and 24 to the Mississippi Constitution of 1890.

### COUNT IX: Intentional/Negligent Infliction of Emotional Distress

62.     Plaintiff adopts and re-alleges the allegations contained and set forth in paragraphs one (1) through sixty-one (61) hereinabove the same as if fully copied herein.

63.     The afore-stated acts and/or omissions were done intentionally and/or negligently by Defendants which caused Plaintiff's Decedent to suffer insult, indignity, humiliation, embarrassment and severe emotional distress prior to his death. Plaintiff is entitled to recover damages proximately caused by said intentional and/or negligent infliction of emotional distress from Defendants for all such losses and injuries in an amount to be shown at trial.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully requests that this Court enter judgment:

A.     In favor of Plaintiff and against Defendants awarding to Plaintiff compensatory damages for violation of Plaintiff's Decedent's Constitutional rights under color of state law pursuant to §1983;

B.     In favor of Plaintiff and against Defendants for negligence/gross

17

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 18 of 19 PageID #: 18

negligence and or deliberate indifference and awarding to Plaintiff compensatory and punitive damages as available under the laws of the state of Mississippi and/or the Mississippi Tort Claims Act;

     C.    In favor of Plaintiff and against Defendants for violation of Plaintiff's Decedent's rights cognizable under the Mississippi Constitution of 1890 and awarding to Plaintiff compensatory and punitive damages as available under state law and/or the Mississippi Tort Claims Act;

     D.    A judicial declaration pursuant to 28 U.S.C. § 2201 and/or Fed. R. Civ. P. 65. against the City of Leland and Official Capacity Defendants that the challenged policies and practices of the City of Leland Police Department are deliberately indifferent to the physical and mental health of pretrial detainees, in contravention to the nationally recognized minimum standards for custodial care of pretrial detainees and violate the constitutional rights of pretrial detainees;

     E.    Awarding to Plaintiff reasonable costs and attorneys' fees pursuant to 42 U.S.C. §1988. and;

     F.    In favor of Plaintiff and against Defendants all other damages allowed under the Wrongful Death Act as set forth in the Mississippi Code of 1972 Annotated including, but not limited to, the present net cash value of the life expectancy of Charles Bell, as well as the loss of enjoyment of life and the excruciating mental pain and suffering sustained by Charles Bell. Plaintiff is also entitled to a judgment representing the value of the loss of association, love, affection, and funeral/burial

18

Case: 4:15-cv-00010-DMB-JMV Doc #: 1 Filed: 01/26/15 19 of 19 PageID #: 19

expenses sustained by Plaintiff and any such other and further relief as is available and

appropriate under the circumstances.

This, the 26th day of January, 2015.

By:      s\Dion Shanley
         Bill Striebeck, Esq. MSB # 8530
         Dion Shanley, Esq. MSB # 9025

ATTORNEYS FOR PLAINTIFF

William R. Striebeck, P.A.
P.O. Box 519
Greenville, MS 38702-0519
(662) 378-5450
tejanos@bellsouth.net

Dion Shanley, Esq. MSB # 9025
PURDIE & METZ, PLLC
P.O. Box 2659
Ridgeland, MS 39158
(601) 957-1596
dshanley@purdieandmetz.com

19